FILED
MAY 0 1 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Larbi Semiani, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-00669 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 5/1/2015 |
| ) | Description: Pro Se Gen. Civil (F) |
| USA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff is a resident of Algeria suing the United States. The instant complaint, like plaintiff's prior dismissed actions, fails to provide any notice of a claim and the basis of federal court jurisdiction. *See Semiani v. USA*, No. 14-0875, slip op. at 2 (D.D.C. May 19, 2014), *aff'd sub nom Semiani v. United States*, ___ Fed.Appx. ___, 2015 WL 1600339 (D.C. Cir. Mar. 4, 2015) (listing cases). To the extent that plaintiff has been "deprived of financial property . . . under the local California[] laws," he should pursue that claim in the California courts. *See, e.g.*, 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which . . . . a substantial part of property that is the subject of the action is situated[.]"). A separate Order accompanies this Memorandum Opinion.

Date: April 26, 2015

_____
United States District Judge